UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAGDALINA KALINCHEVA MD, et al.,

        Plaintiffs,

v.

        Case No. 23-cv-11367
        Honorable Linda V. Parker

JESSE L. NEUBARTH, et al.,

        Defendants.
_____/

## ORDER SUMMARILY REMANDING MATTER

Magdalina Kalincheva, a California resident, initiated this pro se action by filing various documents in this District. Ms. Kalincheva appears to be removing two matters from California state courts. The Court must construe the notice of removal liberally because Ms. Kalincheva is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The Court takes judicial notice that Ms. Kalincheva has unsuccessfully filed many lawsuits nationwide similar to the present matter. *See* https://pcl.uscourts.gov. Those actions have been summarily remanded to the state courts or summarily dismissed for lack of jurisdiction, as frivolous, or for failure to state a claim. *See, e.g.,* Remand Order, *Kalincheva v. Valentyna*, No. 23-cv-06395 (C.D. Cal. Sept. 8, 2023), ECF No. 38, Order, *Kalincheva v. Whitexit*, No. 23-cv-01497 (D. Colo. June 16, 2023), ECF No. 4; *Kalincheva v. Neubarth*, No. 14-cv-

1262, 2014 WL 5106432, at *1 n. 1 & *3-5 (E.D. Cal. Oct. 10, 2014); *Kalincheva v. Neubarth*, No. CIV.A. 13-40110, 2013 WL 5524815, at *1-4 (D. Mass. Oct. 2, 2013); *Kalincheva v. Neubarth*, No. 8:15-cv-44, 2015 WL 12862711, at *1-2 (D. Neb. Feb. 10, 2015)  In fact, at least one federal judge has enjoined Ms. Kalincheva from filing future actions in forma pauperis in any federal court without first obtaining leave of court.  *See United States for Kalincheva v. Neubarth*, No. 3:23-cv-394, 2023 WL 2696211, at *3 (N.D. Tex. Mar. 14, 2023), *R&R adopted in*, 2023 WL 2701491 (N.D. Tex. Mar. 29, 2023).  For the reasons stated previously by other courts, there is no basis for Ms. Kalincheva to remove the California state court proceedings to this Michigan federal court.

A notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).  Pursuant to 28 U.S.C. § 1441, a state-court defendant may remove a civil action to federal court provided the federal court would have had jurisdiction if the case had been filed there originally and the basis for the federal court's jurisdiction remains at the time the removal notice is filed.[1]  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007).  The removing

---

[1] It is not clear from Ms. Kalincheva's filings that she is a defendant or even a party in one of the removed actions.

2

party has the burden to demonstrate the appropriateness of removal from state to federal court. *Warthman v. Genoa Twp. Bd. of Tr.*, 549 F.3d 1055, 1061 (6th Cir. 2008).

As a general matter, removal under § 1441(a) is appropriate only if the federal question is "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). While there are some exceptions to this rule, none of those exceptions appear applicable here. Although Ms. Kalincheva has not attached the state-court complaints—which notably is itself a violation of the removal statute—documents she has filed reflect that at least one opposing party is also a California citizen. (*See* ECF No. 2 at PageID. 30.) Ms. Kalincheva refers to RICO and lists various federal statutes in her filings; however, she fails to provide understandable allegations to demonstrate any nexus to these citations. To the extent Ms. Kalincheva is asserting a federal defense to the state-court actions, that does not support federal subject matter jurisdiction. *See id*. at 393; *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction.").

Ms. Kalincheva fails to provide a short and plain statement of the grounds for removal of this action, and she has not provided copies of all process, pleadings, and orders served upon her. Moreover, even construing the notice of

3

removal liberally, the Court is unable to ascertain any legitimate basis for removal of these cases under the relevant statutes. Therefore, because it clearly appears on the face of the notice of removal that removal of this action should not be permitted, the action will be remanded summarily to the state courts. *See* 28 U.S.C. § 1447(c).

Accordingly,

**IT IS ORDERED** that this matter is summarily **REMANDED** to the Superior Court of California, County of Kern, Bakersfield, and is **CLOSED** here.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 15, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 15, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager